# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DANNIE COLLOPY,

    Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-1138
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On April 10, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (ECF No. 6) be granted and that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 8.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. *The Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 6) is **GRANTED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

This case involves Petitioner's underlying criminal convictions pursuant to the entry of his guilty plea in the Coshocton County Court of Common Pleas on eight counts of rape, and five counts of gross sexual imposition. As his sole ground for federal habeas corpus relief, Petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that his guilty plea was not knowing, intelligent, or voluntary, because the trial court failed to notify him of the community notification provisions and residential

restrictions required under O.R.C. § 2950.11.  The Magistrate Judge recommended dismissal of this claim as without merit.

Petitioner objects to the Magistrate Judge's recommendation of dismissal.  Petitioner argues that, although the trial court explicitly advised him that he would be a subject to a lifetime reporting requirement as a Tier III sexual offender, which required an "in-person verification every 90 days" (*Judgment Entry*, ECF No. 6-1, PAGEID # 211-12.), his guilty plea nonetheless was not knowing, intelligent, or voluntary, because the trial court did not also advise him of the community notification requirements.  According to Petitioner, he did not learn until January 25, 2016, at the sentencing hearing, of the community notification requirements set forth in § 2950.11.

Petitioner's argument is not persuasive.  Petitioner does not allege, and the record does not reflect, that the guilty plea colloquy was in any manner inadequate.  Moreover, the state appellate court determined that the trial court's plea colloquy, including notification of the sexual offender registration, complied with Ohio law.  This Court defers to that determination here.  See *Durdin v. Warden, Mansfield Corr. Inst.,* No. 2:16-cv-355, 2017 WL 1281418, at *17 (S.D. Ohio Apr. 6, 2017) (this Court must defer to a state court's interpretations of state laws)  (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).  Further, despite Petitioner's argument to the contrary, Ohio does not require a trial court "to review each of the numerous individual restrictions and requirements under R.C. Chapter 2950 to substantially comply with Crim. R. 11."  *State v. Swinson*, 77 N.E.3d 472, 476 (Ohio 12 Dist. 2017) (citations omitted).  All that is required is that the record reflects that "the totality of the circumstances" indicates that the defendant subjectively understood the implications of his plea and the rights he is waiving by entry of his guilty plea.  *Swinson*, 77 N.E.3d at 477 (citation omitted).  The cases Petitioner refers

2

to in support of his claim do not indicate to the contrary. "Surmounting *Strickland's* high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* Petitioner has failed to meet this standard here.

For these reasons, and for the reasons addressed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 9) is **OVERRULED.** The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED.** Respondent's *Motion to Dismiss* (ECF No. 6) is **GRANTED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). The Court is not persuaded

that reasonable jurists would debate whether Petitioner's claim should have been resolved differently. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

                                            **s/Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT COURT**